FITZSIMMONS, J.
In this workers’ compensation case, the plaintiff, Everette Bercegeay, alleged that he was injured in a work accident. He sued his employer, Coastal Production Services (Coastal), for benefits. The workers’ compensation judge made a credibility determination based on the testimony of two witnesses who were present at the scene of the alleged accident, but did not work for Coastal. Both witnesses denied that an accident occurred, and disputed Mr. Becegeay’s account of the alleged accident. Based on her credibility determinations, and various significant contradictions throughout the medical record, the workers’ compensation judge found that Mr. Bercegeay did not meet his burden to prove that an accident occurred at work. The claim was dismissed. Mr. Bercegeay appealed.[1]
*778 A workers’ compensation claimant seeking benefits must prove by a preponderance of the evidence that an employment accident occurred and that it had a causal relationship to the disability. If the evidence leaves the probabilities evenly balanced, the claimant fails in his burden. Harvey v. Bogalusa Concrete, Inc., 97-2945, p. 3 (La.App. 1 Cir. 9/25/98), 719 So.2d 1130, 1131. On appeal, we review the record in its entirety to determine whether the workers’ compensation judge’s factual findings were clearly wrong. Only upon a finding of manifest or clear error will the judge’s findings be disturbed. Sanders v. Grace Nursing Home, 98-1344, p. 3 (La.App. 1 Cir. 9/24/99), 754 So.2d 1024, 1026, writ denied, 99-3090 (La.1/7/00), 752 So.2d 868; Harvey v. Bogalusa Concrete, Inc., 97-2945 at p. 3, 719 So.2d at 1132.
After a thorough review of the record, we see no manifest or clear error in the findings of the workers’ compensation judge, or legal error in the judgment of ^dismissal. Mr. Bercegeay failed to meet his burden of proof on whether he sustained an employment accident. Therefore, we affirm. The costs of the appeal are assessed to plaintiff, Mr. Bercegeay.
AFFIRMED.

. Coastal answered the appeal. However, the issues raised by Coastal are mooted by this court’s affirmance of the dismissal of plaintiff’s claim.